**UNITED STATES of America**

v.

**Scott JONAS, Defendant.**

**No. CR92–516(JBW).**

United States District Court,
E.D. New York.

Jan. 27, 1994.

Zachary W. Carter, U.S. Atty. by Dave S. Hattem, Brooklyn, NY, for U.S.

Hayden, Perle & Silber by Alan Silber, Weehawken, NJ, for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

■ The defendant was convicted by a jury of conspiracy to evade corporate income taxes by operating a false business invoice scheme. The scheme was devised by the defendant's father who had induced his then teen-aged son to sign false papers. The

parent has already been sentenced by this court to a substantial prison term.

Because this court finds by a preponderance of the evidence that the defendant's participation in the charged conspiracy ended before November 1, 1987, the Sentencing Guidelines do not apply. A sentence appropriate to the crime and the criminal is therefore possible.

The indictment alleges that the conspiracy took place "[i]n or about and between August 1983 and April 1988, both dates being approximate and inclusive...." The jury was charged as follows:

> As to the time of the conspiracy, it is not essential that the government establish that the conspiracy began or ended on a specific date. It is sufficient for this element if you find that in fact a conspiracy was formed and existed for some time within the period set forth in the indictment.

 For the purposes of applying the Sentencing Guidelines, the period during which an offense occurred is considered a 'sentencing factor' to be determined by a judge instead of an element of the offense to be determined by the jury. *United States v. Eisen*, 974 F.2d 246, 268 (2d Cir.1992). *See also United States v. Bloom*, 945 F.2d 14, 17 (2d Cir.1991); *United States v. Underwood*, 932 F.2d 1049, 1053 (2d Cir.1991). The court must make an independent determination of the dates during which the crime took place by considering evidence introduced at trial or during the allocution. *United States v. Bloom*, 945 F.2d at 17. Consequently, "a court may conclude that defendant's participation in the charged offense ceased before the time period alleged in the indictment had elapsed." *Id.*

In this case, based on all the evidence presented at trial and at sentencing, a preponderance of the evidence establishes that the defendant was a coconspirator with his father at the outset, but thereafter did not participate in the conspiracy. Thus, when the Sentencing Guidelines became effective on November 1, 1989, the defendant was not participating as a conspirator. The Guidelines, therefore, do not apply.

The son's participation was based more on filial piety than mens rea. The father had taken advantage of the defendant's lack of sophistication and used his child as a pawn in his scheme to defraud the government.

The defendant is now a young married man earning a steady income as a printer. He has a stable life. In the court's view he has been fully rehabilitated and presents no danger to the community.

Under the Sentencing Guidelines, a prison term of 37–46 months would have to be imposed, with 2–3 years of supervised release, a fine of $7,500–$75,000 and a special assessment of $50. The result would probably be the destruction of the marriage and loss of gainful employment and self-esteem.

Because the Guidelines do not apply, a more reasonable sentence may be imposed in light of this defendant's circumstances. The defendant is sentenced to five years of probation, 500 hours of community service, a $7,500 fine payable as Probation directs, and a $50 special assessment.

SO ORDERED.